BattijB, J.
 

 The first objection urged in the Court below to the rendition of a judgment against the defendants, cannot be sustained. After giving bond with sureties for his appearance in Court to take the benefit of the Act passed for the relief of insolvent debtors, and joining in an issue tendered by the plaintiff upon a suggestion of fraud, it is too late for the debtor or his sureties to bring forward an exception to the writ of
 
 ca. sa,
 
 under which the arrest was made. It was so decided in the case of
 
 Dobbin
 
 v.
 
 Gaster,
 
 4 Ired. Rep. 71, where the time and manner of taking such an exception are pointed out, and where the reasons, why it cannot be urged with success, unless taken in apt time, and by a proper mode, are fully and clearly stated.
 

 The other objection was founded upon a mistaken apprehension of the effect of the judgment of non-suit, rendered against the plaintiff at Spring term, 1846. That judgment was irregularly and improvidently given, and was properly set aside, upon the application of the plaintiff at the ensuing term of the Court: for, this being a proceeding upon final process, a judgment of non-suit could not in a technical sense have been given. After a debtor, who has been arrested under a writ of
 
 ca. sa.
 
 has given bond for his appearance in Court to obtain the benefit of the Act for the relief of insolvents, he must pursue the course prescribed in the Act, in order to entitle him to take the oath and be discharged. The creditor, who is to be affected by his discharge, has a right, if he chooses to avail himself of it, to be present to see whe
 
 *214
 
 ther all the requisitions of the law have been complied with, and to object to the discharge, if they have not. If fraud be suggested by the creditor and an issue made up to try the specifications, the plaintiff may insist upon the trial, or he may withdraw, or perhaps by his neglect abandon the issue, but neither a withdrawal, nor an abandonment of the issue, will render it unnecessary for the defendant, the debtor, to take the oath, or entitle him to be discharged without taking it. The failure of the plaintiff to appear, when the cause is called for trial, is not a ground for a judgment of non-suit against him ; and the utmost effect it can have will be to give to the defendant the right to have a jury empannelled, to try the issue and to have a verdict found in his favor, for the want of testimony on the part of the plaintiff; or perhaps to treat it as a withdrawal or waiver of the issue by the plaintiff, so as to enable him to take the oath and be discharged. Unless he obtain his liberty by the act or consent of the plaintiff, which will be a satisfaction of the debt,
 
 (Hawkins
 
 v.
 
 Hall,
 
 3 Ired. Eq. Rep. 280,) he can be discharged from liability on his bond only by taking the oath, and he must be prepared to do so, whenever in the regular course of the business of the Court, he is called upon for that purpose, and if
 
 he
 
 fail
 
 to
 
 appear, when so called, his bond is forfeited, and judgment may be entered against him and his sureties.
 

 His Honor therefore did right in over-ruling the defendants’ objections, and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.